## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CENTURY KEITH, | |
| Plaintiff, | CIVIL ACTION |
| v. | No. CIV-17-439-HE |
| ACCOUNT MANAGEMENT RESOURCES, LLC d/b/a AMR ACCOUNTS LLC and ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; CYNTHIA MCINERNEY d/b/a ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; J. TAYLOR FUDGE d/b/a ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; JOHN M. FUDGE d/b/a ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; RICHARD COOK d/b/a ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; WILLIAM HAALAND d/b/a ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; AFNI, INC.; BRUCE F. GRIFFIN d/b/a AFNI; JOHN G. ODONNELL d/b/a AFNI; RONALD L. GREEN d/b/a AFNI; JH PORTFOLIO DEBT EQUITIES, LLC d/b/a JH PORTFOLIO DEBT EQ; JH PORTFOLIO DEBT EQUITIES 4 LLC d/b/a JH PORTFOLIO DEBT EQ; JOAN TOLOSA d/b/a JH PORTFOLIO DEBT EQ; TULSA ADJUSTMENT BUREAU, INC. d/b/a TULSA ADJUSTMENT BUR; CHARLES P. GARRISON d/b/a TULSA | **COMPLAINT AND JURY DEMAND** |

| | |
|---|---|
| ADJUSTMENT BUR; PHILLIP W. SMITH d/b/a TULSA ADJUSTMENT BUR;  COLLECTION SERVICES, INC. d/b/a CSI; JACK BROWN d/b/a CSI; GULF COAST COLLECTION BUREAU, INC. d/b/a CSI; WORLD ACCEPTANCE CORPORATION d/b/a WORLD ACCEP and WORLD ACCP; A. A. MCLEAN III d/b/a WORLD ACCEP and WORLD ACCP; JANET MATRICCIANI d/b/a WORLD ACCEP and WORLD ACCP; JOHN L. CALMES d/b/a WORLD ACCEP and WORLD ACCP; and KEITH LITTRELL d/b/a WORLD ACCEP and WORLD ACCP; | |
| Defendants. | |

Plaintiff CENTURY KEITH as and for his Complaint respectfully alleges:

## I.     INTRODUCTION

1.     This is a civil action for attachment pursuant to Fed. R. Civ. P. 64, preliminary and permanent injunctive relief pursuant to Fed. R. Civ. P. 65, actual damages, statutory damages, and punitive damages, costs, and attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), actual damages, statutory damages, costs, and attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C §§ 1692-1692p ("FDCPA"). The FCRA was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.   JURISDICTION AND VENUE

2.     This is a civil action to enforce liability created under the FCRA and FDCPA, laws of the United States, within the applicable statute of limitations. Jurisdiction of this court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331. Defendants herein, and each of them, regularly conduct business in this judicial district and their contacts in this judicial district are sufficient to subject them to personal jurisdiction of the Court. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b)(1). Furthermore, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Venue in proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## III.   PARTIES

3.     Plaintiff CENTURY KEITH ("Plaintiff") is a natural person allegedly obligated to pay a debt who resides in Oklahoma City, Oklahoma County, State of Oklahoma, and is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c), and the FDCPA, 15 U.S.C. § 1692a(3).

4.     Defendants ACCOUNT MANAGEMENT RESOURCES, LLC d/b/a AMR ACCOUNTS LLC and ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; CYNTHIA MCINERNEY d/b/a ACCOUNT MANAGEMENT RESOURCES, LLC d/b/a AMR ACCOUNTS LLC and ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; J. TAYLOR FUDGE

d/b/a ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; JOHN M. FUDGE d/b/a ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; RICHARD COOK d/b/a ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; WILLIAM HAALAND d/b/a ACCOUNT MANAGEMENT RESOURCES and ACCT MGT RES; AFNI, INC.; BRUCE F. GRIFFIN d/b/a AFNI; JOHN G. ODONNELL d/b/a AFNI; RONALD L. GREEN d/b/a AFNI; JH PORTFOLIO DEBT EQUITIES, LLC d/b/a JH PORTFOLIO DEBT EQ; JH PORTFOLIO DEBT EQUITIES 4 LLC d/b/a JH PORTFOLIO DEBT EQ; JOAN TOLOSA d/b/a JH PORTFOLIO DEBT EQ; TULSA ADJUSTMENT BUREAU, INC. d/b/a TULSA ADJUSTMENT BUR; CHARLES P. GARRISON d/b/a TULSA ADJUSTMENT BUR; PHILLIP W. SMITH d/b/a TULSA ADJUSTMENT BUR;  COLLECTION SERVICES, INC. d/b/a CSI; JACK BROWN d/b/a CSI; GULF COAST COLLECTION BUREAU, INC. d/b/a CSI; WORLD ACCEPTANCE CORPORATION d/b/a WORLD ACCEP and WORLD ACCP; A. A. MCLEAN III d/b/a WORLD ACCEP and WORLD ACCP; JANET MATRICCIANI d/b/a WORLD ACCEP and WORLD ACCP; JOHN L. CALMES d/b/a WORLD ACCEP and WORLD ACCP; and KEITH LITTRELL d/b/a WORLD ACCEP and WORLD ACCP (collectively "Defendants") are engaged in the collection of debt from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another.

Defendants are "debt collector[s]" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendants are "furnishers of information" under the FCRA, 15 U.S.C. § 1681s-2.

## IV.   FACTS OF THE COMPLAINT

10.   On or about November 8, 2016, Plaintiff CENTURY KEITH applied for and was denied a mortgage loan and thereafter obtained a copy of his consumer report and noticed that it contained incomplete, inaccurate, and false information.

11.   Within his consumer report, Plaintiff CENTURY KEITH observed trade line items furnished by Defendants indicating various alleged debts due.

12.   The information provided by Defendants to consumer reporting agencies as listed on his consumer report is incomplete, inaccurate, and/or false.

13.   On or about November 8, 2016, Plaintiff CENTURY KEITH sent letters to the three (3) major consumer reporting agencies, TransUnion, Equifax, and Experian, disputing the accuracy and completeness of the information that Defendants furnished and Defendants received notice thereto from the respective consumer reporting agencies. Defendants, after receiving notices of Plaintiff CENTURY KEITH's disputes of the information they furnished to consumer reporting agencies, failed to (a) conduct an investigation with respect to the disputed information, (b) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of the FCRA, (c) report the results

of the investigation to the consumer reporting agency, (d) report that the information was incomplete, inaccurate, and/or unverifiable to the consumer reporting agencies, and (e) request that the disputed information be deleted or permanently blocked as required pursuant to the FCRA, 15 U.S.C. § 1681s-2(b)(1).

14.     Upon information and belief, TransUnion, Equifax, and/or Experian, consumer reporting agencies, sent Plaintiff CENTURY KEITH's disputes communicating to Defendants providing all relevant information to Plaintiff's disputes.

15.     Upon information and belief, Defendants verified to consumer reporting agencies TransUnion, Equifax, and Experian that Plaintiff's disputed information was accurate and complete and failed to notate the information as disputed.

16.     As a result of the actions and/or inactions of Defendants, Plaintiff suffered damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

## V.     COUNT ONE – VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(A)

17.     Plaintiff realleges and incorporates by reference paragraphs 1 through 16 above.

18.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) because they failed to conduct an investigation with respect to the disputed information they received from consumer reporting agencies regarding the information they furnished.

19.     Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

20.     Defendants were willfully noncompliant with the FCRA by its conduct.

21.     Plaintiff is entitled to actual damages, punitive damages, costs, and attorneys' fees pursuant 15 U.S.C. § 1681n.

22.     Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681o.

## VI.    COUNT TWO – VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(B)

23.     Plaintiff realleges and incorporates by reference paragraphs one through 22 above.

24.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) because they failed to review and consider all relevant information forwarded to them by the consumer reporting agencies pursuant to section 1681i(a)(2) of the FCRA.

25.     Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

26.     Defendants were willfully noncompliant with the FCRA by its conduct.

27.     Plaintiff is entitled to actual damages, punitive damages, costs, and attorneys' fees pursuant 15 U.S.C. § 1681n.

28.     Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681o.

## VII.   COUNT THREE – VIOLATION 15 U.S.C. §1681s-2(b)(1)(C)

29.     Plaintiff realleges and incorporates by reference paragraphs one through 28 above.

30.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) because they failed to report the true results of their investigation to the consumer reporting agencies.

31.     Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

32.     Defendants were willfully noncompliant with the FCRA by its conduct.

33.     Plaintiff is entitled to actual damages, punitive damages, costs, and attorneys' fees pursuant 15 U.S.C. § 1681n.

34.     Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681o.

## VIII.  COUNT FOUR – VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(D)

35.     Plaintiff realleges and incorporates by reference paragraphs one through 34 above.

36.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) because they failed to report to consumer reporting agencies that they furnish information that their investigation results found the information disputed by Plaintiff to be incomplete or inaccurate.

37.     Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

38.     Defendants were willfully noncompliant with the FCRA by its conduct.

39.     Plaintiff is entitled to actual damages, punitive damages, costs, and attorneys' fees pursuant 15 U.S.C. § 1681n.

40.     Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681o.

## IX.     COUNT FIVE – VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(E)

41.     Plaintiff realleges and incorporates by reference paragraphs one through 40 above.

42.     Defendants violated 15 U.S.C. § 1681s-2(b)(1)(E) because they failed to request that the consumer reporting agencies delete or permanently block the information disputed by Plaintiff that was incomplete or inaccurate.

43.     Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

44.     Defendants were willfully noncompliant with the FCRA by its conduct, thus, Plaintiff is entitled to actual damages, punitive damages, costs, and attorneys' fees pursuant 15 U.S.C. § 1681n.

45.     Alternatively, Defendants were negligently noncompliant with the FCRA by its conduct and, thus, Plaintiff is entitled to actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681o.

## X.     COUNT SIX – VIOLATION OF 15 U.S.C. §1692e(8)

46.     Plaintiff realleges and incorporates by reference paragraphs one through 45 above.

47.     Defendants violated 15 U.S.C. § 1692e(8) by failing to notate that the disputed information that it furnished to consumer reporting agencies about Plaintiff was disputed.

48.     Defendants violated 15 U.S.C. § 1692e(8) by communicating to consumer reporting agencies information regarding Plaintiff which they knew or should have known to be false, including the failure to communicate that the disputed debt is disputed.

49.     Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

## XI.    COUNT SEVEN – VIOLATION OF 15 U.S.C. §1692f(1)

50.     Plaintiff realleges and incorporates by reference paragraphs one through 49 above.

51.     Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiff that is not authorized by an agreement creating the alleged debt or permitted by law.

52.    Defendants caused injury in fact to Plaintiff, by causing Plaintiff to suffer, among other effects, mental and emotional distress, damage to credit reputation, and loss of opportunity, among other things.

## XII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff CENTURY KEITH requests the following relief:

   a.   Entry of an Order of attachment against Defendants, and each of them, for $1,000.00 U.S. pursuant to Fed. R. Civ. P. 64;

   b.   Entry of an Order preliminarily enjoining Defendants, and each of them, from attempting to collect any debt from Plaintiff during the pendency of this action pursuant to Fed. R. Civ. P. 65;

   c.   Entry of an Order preliminarily enjoining Defendants, and each of them, from furnishing to consumer reporting agencies any information concerning Plaintiff, including, but not limited to debt allegedly owed by Plaintiff that Defendants were attempting to collect from Plaintiff during the pendency of this action pursuant to Fed. R. Civ. P. 65;

   d.   Entry of an Order and Judgment in favor of Plaintiff and against Defendants enjoining Defendants, and each of them, from attempting to collect the subject disputed debts from Plaintiff;

   e.   Entry of an Order and Judgment in favor of Plaintiff and against Defendants enjoining Defendants, and each of them, from furnishing

information to consumer reporting agencies concerning Plaintiff, including the subject disputed debts Defendants attempted to collect;

f.  Entry of Judgment in favor of Plaintiff and against Defendants, and each of them, awarding Plaintiff $1,000.00 U.S. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

g.  Entry of Judgment in favor of Plaintiff and against Defendants, and each of them, awarding Plaintiff costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

h.  Entry of Judgment in favor of Plaintiff and against Defendants, and each of them, awarding Plaintiff actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A);

i.  Entry of Judgment in favor of Plaintiff and against Defendants, and each of them, awarding Plaintiff $1,000.00 U.S. statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

j.  Entry of Judgment in favor of Plaintiff and against Defendants, and each of them, awarding Plaintiff costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

k.  Entry of Judgment in favor of Plaintiff and against Defendants, and each of them, awarding Plaintiff actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681o(a)(1);

l.   Entry of Judgment in favor of Plaintiff and against Defendants, and each of them, awarding Plaintiff costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

m.   For such other and further relief as this Court may deem just, proper, and equitable.

Respectfully submitted,

Dated:      April 16, 2017          s/ Brian L. Ponder
                                    Brian L. Ponder, Esq. (NY: 5102751)
                                    BRIAN PONDER LLP
                                    200 Park Avenue, Suite 1700
                                    New York, New York 10166
                                    Telephone: (646) 450-9461
                                    Facsimile: (646) 607-9238
                                    Email: brian@brianponder.com
                                    ATTORNEY FOR PLAINTIFF


## JURY TRIAL DEMAND

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted,

Dated:      April 16, 2017          s/ Brian L. Ponder
                                    Brian L. Ponder, Esq. (NY: 5102751)